UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | § | |
| AND PACIFIC INDEMNITY CO., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2042-B |
| | § | |
| RODMAN, LLC, BEARDAUN | § | |
| ENTERPRISES, LLC, TEXAS TERRA, | § | |
| L.P., RODMAN EROSION | § | |
| CONTROL, LLC, TEJAS TERRA, | § | |
| LLC, HAUMMERDAUN, L.P., | § | |
| RODNEY VILHAUER, TINA RICH, | § | |
| AND BARRY RICH, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Tina Rich's and Barry Rich's (collectively, "the Riches" or "Rich") Motion to Dismiss filed September 27, 2011 (doc. 81). The Motion seeks dismissal of Defendant Rodney Vilhauer's ("Vilhauer") amended cross-claims asserted against the Riches. The Court finds that Rich's Motion should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks dismissal of Vilhauer's cross-claims against Tina Rich and dismissal of Vilhauer's cross-claim for conversion against Barry Rich. The motion is **DENIED** to the extent it seeks dismissal of Vilhauer's breach of fiduciary duty and contract cross-claims against Barry Rich.

## I.

## BACKGROUND

Vilhauer's cross-claims concern a business relationship between Barry Rich and Rodney Vilhauer. Rich and Vilhauer formed Rodman LLC ("Rodman") in the 1990s with Dennis Rodman.[1] FACC ¶ 1.[2] In 2008, Rodman experienced financial difficulties. In response to these difficulties, Vilhauer pursued options for the infusion of capital that would allow Rodman to continue operations and pay all creditors in full, including Plaintiffs Federal Insurance Company and Pacific Indemnity Company.[3] These options included both a capital infusion and a second option to buy out Rich's interest in Rodman. Rich eventually agreed to a buyout of his interest pursuant to the Separation Agreement. After executing the Separation Agreement, however, Rich did not execute releases with third parties CAT and Deere. Also, Rich allegedly breached the Separation Agreement by failing to return certain personal property. These breaches prevented or delayed Rodman from transacting business in order to pay Plaintiffs and other creditors. Rich also allegedly "took actions to take business from Rodman and scare creditors that were otherwise allowing Rodman to finish jobs thus preventing Rodman from being able to pay Plaintiff." FACC ¶ 2. Vilhauer also alleges other malfeasance by Rich during his time at Rodman, which impeded Rodman's ability to pay creditors, including:

---

[1]Mr. Rodman's interest in Rodman was eventually acquired by Vilhauer and Rich in the early 2000s. FACC ¶ 1.

[2]Vilhauer's First Amended Cross-Claim restarts paragraph numbering on page two of the cross-claim. The paragraph numbers listed in this order refer to the paragraphs starting on page two.

[3]On January 20, 2011, Rodman filed its Suggestion of Bankruptcy in this case, stating that Rodman filed a petition for bankruptcy in the United States Bankruptcy Court, Eastern District of Texas, on January 5, 2011.

- Stopping payroll for necessary employees to complete jobs and pay Plaintiffs.

- Continuing to pay himself and others that were not working, including family members.

- Taking Rodman assets for his own benefit, such as a Rodman insurance check in excess of $10,000, trailers, and a skid steer loader.

- Building improvements on his own ranch property using Rodman funds, materials, equipment, and employees.

FACC ¶¶ 2-4. These alleged actions, which resulted in Rodman's inability to pay creditors, the instant suit, and harm to Vilhauer personally, form the basis of Vilhauer's cross-claims for breach of fiduciary duty, breach of contract, and conversion.[4]

## II.

## LEGAL STANDARD

A.      *Rule 12(b)(1)*

Federal district courts are courts of limited jurisdiction, and they may only exercise such jurisdiction as is expressly conferred by federal statute. *See Le Mieux Bros., Inc. v. Tremont Lumber Co.*, 140 F.2d 387, 389 (5th Cir. 1944). Federal Rule of Civil Procedure 12(b)(1) provides the procedural vehicle through which subject matter jurisdiction may be challenged. The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *See Stockman v. Fed.*

---

[4]Rich filed his own cross-claims against Vilhauer and Rodman on November 17, 2010, which he amended on March 22, 2011. Rich's Amended Cross-Claim alleges that Vilhauer directed Rodman to make fraudulent transfers to entities owned or controlled by Vilhauer and/or an individual named Ron Stover, despite Rodman's prior debts, over Barry Rich's objections. Rich alleges that his departure from Rodman was precipitated by Vilhauer's desire and intent to carry out these fraudulent transfers. These cross-claims are not addressed in this order. Rich Am. Cross-Claim ¶¶ 9-14.

*Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In evaluating a challenge to subject matter jurisdiction the court is free to weigh the evidence and resolve factual disputes to determine whether the court in fact has jurisdiction. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the court may consider: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Id.*

B.      *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.

## APPLICATION

A.    *Standing*

If a party does not have standing to assert a claim, the Court does not have subject-matter jurisdiction over that claim and dismissal is proper. *See Bell v. Am. Traffic Solutions, Inc.*, 371 Fed. Appx. 488, 489 (5th Cir. 2010). Any claims belonging to Rodman LLC at the time of its bankruptcy filing on January 5, 2011, are part of Rodman's bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008). Further, Rodman has not asserted any claims against Rich, and Vilhauer does not have standing to assert claims on behalf of Rodman.[5] Accordingly, Vilhauer's First Amended Cross-Claim, to the extent it seeks to assert claims on behalf of Rodman, is hereby **DISMISSED** under Rule 12(b)(1) for lack of standing.

B.    *Claims Against Tina Rich*

Vilhauer's First Amended Cross-Claim asserts its three counts against both Barry Rich and Tina Rich. However, nowhere in the amended cross-claim does Vilhauer make mention of Tina Rich's connection to Vilhauer's breach of contract and breach of fiduciary claims. The amended cross-claim does allege some facts regarding Tina Rich's connection to the conversion cross-claim, stating that "Barry Rich and Tina Rich have wrongfully possessed and retained to the exclusion of

---

[5]Vilhauer argues in his response to Rich's motion that he "has claims against Rich based on Vilhauer's liability as a guarantor being triggered by Rich's breaches and conversion." Vilhauer Resp. 9; *see also* FACC ¶ 8 (alleging that Barry Rich breached his fiduciary duty to Vilhauer and Rodman, "caus[ing] Rodman to be unable to pay its creditors and leav[ing] Rod Vilhauer exposed and liable on personal guaranties that would have otherwise been satisfied by Rodman paying the creditor the amounts owed and relieving Rod Vilhauer of personal liability on the guaranty"). However, neither in the First Amended Cross-Claim nor in his response does Vilhauer explain how guaranteeing Rodman's debts and the resulting potential personal liability for these debts confers standing upon him to assert claims on behalf of Rodman against the Riches.

Rod Vilhauer personal property belonging to Rod Vilhauer," and "[d]espite demand, Barry and Tina

Rich have refused to return the same and has [sic] continually possessed the same to the exclusion

of Vilhauer." FACC ¶¶ 15-16. However, such conclusory allegations do not allege sufficient facts

under Rule 12(b)(6) to assert a conversion claim against Tina Rich, much less a breach of contract

or breach of fiduciary duty claim – there is no indication of what property she allegedly converted

nor any other information regarding her alleged conversion, what contract she may have been a

party to, nor what fiduciary duties she may have had nor how she breached these duties. *See*

*Twombly*, 550 U.S. at 555 (conclusory allegations insufficient to survive motion to dismiss).[6] As such,

the First Amended Cross-Claim's counts as asserted against Tina Rich are hereby **DISMISSED**

under Rule 12(b)(6).

B.     *Breach of fiduciary duty*

In Texas, the elements for breach of fiduciary duty are (1) the existence of a fiduciary

relationship between plaintiff and defendant, (2) the defendant's breach of the fiduciary duty it owed

plaintiff, and (3) the breach either caused injury to the plaintiff or benefit to the defendant. *Navigant*

*Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d.

440, 447 (Tex. App.–Dallas 2006, pet. denied)). Texas law recognizes two types of fiduciary duties.

*Id.* "The first, a formal fiduciary relationship, 'arises as a matter of law and includes the relationships

between attorney and client, principal and agent, partners, and joint venturers.'" *Id.* (quoting *Abetter*

*Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.–Houston 2003, no pet.)). The second is

created informally, where there is a close personal relationship of trust and confidence. *Willis v.*

---

[6]Further, the rest of the complaint mentions only property belonging to Rodman, and Vilhauer has no standing to assert claims for conversion against Tina Rich on behalf of Rodman. *See* Section III(A), *supra*.

*Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006). This second type of fiduciary duty arises from a "moral, social, domestic, or purely personal relationship of trust and confidence." *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005). Texas law does not impose such a relationship lightly, and "not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176-77 (Tex. 1997). Further, neither subjective trust alone nor "the fact that the relationship has been a cordial one, of long duration" necessarily transforms a relationship into a fiduciary relationship. *Id.*; *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.–Houston 1997, pet. denied). However, whether an informal fiduciary relationship exists is typically a question of fact. *See, e.g, Kaspar v. Thorne*, 755 S.W.2d 151, 155 (Tex. App.–Dallas 1988) (citation omitted).

Vilhauer alleges that "[a]s an owner of Rodman and based on the trust relationship between Vilhauer and Rich, Barry Rich owed a fiduciary duty to Rod Vilhauer and Rodman." FACC ¶ 6. There is no formal fiduciary relationship created as a matter of Texas law between members of an limited liability company. *See, e.g., Entm't Merchandising Tech., L.L.C. v. Houchin*, 720 F. Supp. 2d 792, 797 (N. D. Tex. 2010) (no Texas court has held that fiduciary duties exist between members of LLC as a matter of law). As such, the Court looks to whether Vilhauer has properly pleaded an informal fiduciary relationship between Vilhauer and Rich.

The First Amended Cross-Claim's main allegation in support of an informal fiduciary relationship states "Barry Rich and Rodney Vilhauer have been personal friends for over 20 years. Over the years they have regularly socialized, spent family time together and maintained a relationship of trust." FACC at ¶ 1. Such allegation, describing a long-standing friendship between the parties, read in a light most favorable to the non-movant and read in combination with the

entirety of Vilhauer's First Amended Cross-Claim, sufficiently pleads the existence of an informal fiduciary relationship. The Court notes that the question of whether an informal fiduciary relationship exists is typically a question of fact, and Rich's arguments in support of his motion to dismiss are more relevant to the issue of whether Vilhauer's evidence will in fact show an informal confidential relationship between the parties.

Having found that the First Amended Cross-Claim sufficiently pleads the existence of an informal fiduciary relationship, the Court looks to whether the First Amended Cross-Claim properly pleads that Rich breached his fiduciary duties to Vilhauer. Fiduciaries owe duties of obedience, loyalty, and due care. *See, e.g.*, *Gerhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 719-20 (5th Cir. 1984) (discussing fiduciary duties of corporate directors). Vilhauer alleges that Rich breached these duties by, *inter alia*, failing to perform his obligations under the Separation Agreement; "stopp[ing] payroll for necessary employees to complete jobs and pay Plaintiff, and [] paying and refusing to reduce salaries of others that were not working such as himself, Pete Dawson ($350,000 a year) and family members of Barry Rich;" and taking various assets of Rodman "for his own use and benefit and to the exclusion of creditors and use of Rodman LLC or Rod Vilhauer to pay creditors or complete jobs." FACC ¶¶ 2-4. Such alleged actions resulted in Rodman's inability to pay creditors and "left Rod Vilhauer exposed and liable on personal guaranties." FACC ¶ 8. To the extent such allegations allege that Rich breached his fiduciary duties to Rodman, the Court has already found that such claims cannot be raised by Vilhauer. However, Vilhauer's allegations that Rich failed to perform his obligations under the Separation Agreement, "ultimately eliminat[ing] the benefit of buying out Barry Rich," and resulting in Vilhauer's personal liability on Rodman's debts, FACC ¶¶ 2, 8,

sufficiently plead that Rich breached his duties to Vilhauer. Accordingly, Rich's Motion to Dismiss, to the extent that it seeks dismissal of Vilhauer's breach of fiduciary duty cross-claim, is **DENIED**.

      C.    *Breach of Contract*

Vilhauer's breach of contract claim alleges that Rich breached the Separation Agreement with Rodman and Vilhauer by refusing to sign releases to certain third parties and by failing to perform the other obligations required by the Agreement, specifically "failing to return personal property, including mounts and guns." FACC ¶¶ 2, 12. Rich argues that he was not in fact obligated to sign any releases to third parties and therefore did not breach the Separation Agreement by failing to sign such releases, though he does not address the allegation regarding the failure to return personal property. The parties' dispute regarding this claim centers on their conflicting interpretation of the Separation Agreement's actual language. Although the Agreement is properly before the Court at this time, the Court declines to resolve this dispute on the Rich's motion to dismiss, as it finds that resolution of this issue is more appropriate on a motion for summary judgment. Accordingly, the Riches' Motion to Dismiss, to the extent that it seeks dismissal of Vilhauer's breach of contract claim, is **DENIED**.

D.    *Conversion*

Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758-59 (Tex. App.–Dallas 2008, no pet.) (citation omitted). A party alleging conversion must also plead that at the time of conversion, he was the owner of the property, the legal possessor of the property, or the person entitled to

possession. *Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 695 (Tex. App.–Eastland 2009, no pet.).

Vilhauer's cross-claim, to the extent it identifies specific property converted by Rich, identifies only property belonging to Rodman. *See* FACC ¶ 4 (discussing Rich's conversion of a Rodman insurance check and other Rodman assets such as trailers and a skid steer loader). As discussed above, Vilhauer does not have standing to assert claims on behalf of Rodman, and therefore he cannot assert claims for Rich's alleged conversion of Rodman property. Vilhauer does have standing to assert a conversion claim against Rich for Rich's alleged conversion of Vilhauer's property. However, the only allegations concerning Rich's conversion of Vilhauer's personal property state that Rich "absconded with assets and money belonging to Rod Vilhauer and Rodman" and "Barry Rich and Tina Rich have wrongfully possessed and retained to the exclusion of Rod Vilhauer personal property belonging to Rod Vilhauer." FACC ¶¶ 4, 15. These conclusory allegations are insufficient under Rule 12(b)(6), devoid of allegations such as how Rich wrongfully assumed control of Vilhauer's assets, when such conversion may have taken place, what assets were converted, or why Vilhauer, rather than Rodman, was the owner of these assets. Accordingly, Rich's Motion to Dismiss, to the extent that it seeks dismissal of Vilhauer's conversion claim against Barry Rich, is **GRANTED**. Vilhauer's cross-claim for conversion against Barry Rich is hereby **DISMISSED**.

## IV.

## CONCLUSION

For the reasons discussed above, Barry and Tina Rich's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it seeks dismissal of Vilhauer's cross-claims against Tina Rich and dismissal of Vilhauer's conversion cross-claim against

Barry Rich. The Motion to Dismiss is **DENIED** to the extent it seeks dismissal of Vilhauer's breach of contract and breach of fiduciary duty cross-claims against Barry Rich.


SO ORDERED.

SIGNED: November 28, 2011.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE